UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4712 PA (FFMx) | Date | June 19, 2012 |
|---|---|---|---|
| Title | Anthony Sugay, et al. v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER TO SHOW CAUSE

The Court is in receipt of the Complaint filed by plaintiffs Anthony Sugay, Michelle Sugay, Yazina Ali, Willie Kwan, How Thanh Fouse, Johana Rosenthal, Edmundo Lemus, Marcela Lopez, Lorenzo Benavides, Minerva Benavides, and Elyuth Tatar ("Plaintiffs").  Plaintiffs have sued a number of banks and mortgage servicing companies alleging that the banks and servicing companies are not the rightful owners of the deeds of trust and other rights securing mortgages Plaintiffs obtained on their properties and that the banks and servicing companies have wrongfully initiated foreclosure proceedings against Plaintiffs.  Based on the allegations in the Complaint, except for Anthony and Michelle Sugay in one instance, and Lorenzo and Minerva Benavides in another, Plaintiffs are not related to one another, do not own property together, did not obtain loans from the same banks, have loans owned by different mortgage pools, and have different servicing companies.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  See also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).  "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it does not appear that Plaintiffs' claims against defendants arise out of the same transaction or occurrence, given that defendants own different properties, obtained loans from different banks, have different servicing companies, and were subject to different foreclosure proceedings.  The Court therefore orders Plaintiffs to show cause in writing, no later than June 29, 2012, why one or more parties should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4712 PA (FFMx) | Date | June 19, 2012 |
|---|---|---|---|
| Title | Anthony Sugay, et al. v. Wells Fargo Bank, N.A., et al. | | |

    In response to this Order to Show Cause, Plaintiffs other than the Sugays may, if they so choose, dismiss their claims from this action and file separate actions against the defendants against which they have claims, with new complaints and filing fees.

    IT IS SO ORDERED.